IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Third Eye Capital Corporation | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| M/V PTI CYGNUS, IMO 93542060, | § | Civil Action No. |
| ALONG WITH ITS ENGINES, | § | |
| TACKLE, APPAREL, BOILERS, | § | ADMIRALTY |
| FURNITURE, EQUIPMENT, | § | |
| APPURTENANCES, ETC., *IN REM* | § | |
| | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT *IN REM* TO ENFORCE PREFERRED SHIP MORTGAGE

Plaintiff Third Eye Capital Corporation ("Third Eye") files this Verified Complaint seeking recognition and foreclosure of a preferred ship mortgage under the U.S. Ship Mortgage Act on the M/V PTI CYGNUS, IMO 93542060 ("CYGNUS" or "Vessel").  Plaintiff further requests that the Court order the arrest of the Vessel under Supplemental Admiralty Rule C and, after further appropriate proceedings, confer title to the Vessel on Third Eye.

## I.
## PARTIES

1.      Plaintiff Third Eye is a Canadian corporation with offices at 2830-181 Bay Street, Toronto, ON, M5J2T3, Canada.

{N3987341.1}

2. CYGNUS is a Hong-Kong flagged vessel owned by Wayfare PTI One, Inc. ("Wayfare PTI One"), a corporation organized under the laws of the Marshall Islands. The Vessel is currently located or will soon be located within the Southern District of Texas and the jurisdiction of this Court.

3. This is an action against the Vessel, its engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to recognize and enforce Third Eye's preferred ship mortgage over the Vessel.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims.

5. This Court also has subject matter jurisdiction pursuant to 46 U.S.C. § 31304(b) because this action is brought under the Ship Mortgage Act to recover losses caused by the failure of a ship mortgagor to comply with the conditions imposed by the mortgage on the mortgagor as described in 46 U.S.C. § 31304(a).

6. This Court also has subject matter jurisdiction pursuant to 46 U.S.C. § 31325(c) because this action seeks to enforce a lien *in rem* against a vessel that is evidenced by a preferred ship mortgage.

7. Venue is proper in this district because the Vessel is located or will soon be located within this district, in accordance with 28 U.S.C. § 1391(b).

## III.
## STATEMENT OF FACTS

**Background**

8. On or about October 5, 2016, Wayfare Transoceanic LLC ("Wayfare Transoceanic"), a Delaware limited liability corporation and the parent company of Wayfare PTI One, executed a certain Senior Secured Credit Facility Agreement ("Credit Facility Agreement") with Third Eye and certain lenders. The Credit Facility Agreement provided funding for Wayfare Transoceanic LLC to purchase the Vessel and a sister ship, M/V PTI SEXTANS. The M/V PTI SEXTANS was lawfully seized in Panama on March 16, 2020 pursuant to a valid Court Order under the laws of Panama.

9. As part of the funding arrangements incident to the Credit Facility Agreement, Wayfare PTI One was to become and did become the owner of the Vessel. It also executed a Deed of Covenants and a statutory ship mortgage for the Vessel in favor of Third Eye.

10. Because the Vessel was and is flagged under the laws of Hong Kong, the mortgage is a first-priority Hong Kong ship mortgage duly registered in the Hong Kong ship registry ("Hong Kong ship mortgage").

11. The Hong Kong ship mortgage is a "preferred mortgage" as defined by 46 U.S.C. § 31301(6)(B).[1] Because it is a preferred mortgage, the Hong Kong ship mortgage acts as a lien on the Vessel under 46 U.S.C. § 31325(a).

12. Third Eye is the sole mortgagee of the Vessel.

13. Wayfare Transoceanic is in default of the Credit Facility Agreement in an amount exceeding US$53 million (the "Secured Debt").

14. Wayfare Transoceanic is a defunct insolvent entity apparently without assets to satisfy any part of the Secured Debt.

15. The principal of Wayfare International, Todd Michael Capser, who (among other things) signed the Credit Facility Agreement on behalf of Wayfare International, is currently under indictment by the U.S. Department of Justice and has pleaded guilty in respect of fraudulent misrepresentations to Third Eye and other fraudulent actions in connection with loans issued under the Credit Facility Agreement.

**Foreclosure Rights**

16. Section 6.02 of the Credit Facility Agreement provides that upon an Event of Default, Third Eye may "exercise any and all remedies granted under the

---

[1] With respect to a foreign vessel, "preferred mortgage" is defined as a mortgage, hypothecation, or similar charge that is established as a security on a foreign vessel if the mortgage, hypothecation, or similar charge was executed under the laws of the foreign country under whose laws the ownership of the vessel is documented and has been registered under those laws in a public register at the port of registry of the vessel or at a central office.

terms of any Loan Document," including the mortgage documents for the CYGNUS.

17. Section 2.1 of the CYGNUS Deed of Covenants provides that upon an Event of Default in the Credit Facility Agreement, Third Eye may exercise its rights to foreclose on its preferred ship mortgage and acquire title to and take possession of the Vessel.

18. Third Eye's most recent valuation of the Vessel and its sister ship, M/V PTI SEXTANS, as of October 4, 2018, is $37,500,000, collectively.

19. The total amount owed by Wayfare Transoceanic, as of Third Eye's December 10, 2018 notice of default, was US$46,097,133.50. Including interest and default interest, Wayfare Transoceanic's outstanding debt to Third Eye amounted to US$53,799,893.14, as of February 29, 2020.

20. The Vessel has or is expected to enter the jurisdiction of this Court on or about 14:00 hrs. on Wednesday, March 18, 2020. It is expected to berth in or near the Port of Galveston, TX.

21. An affidavit by Third Eye's authorized representative verifying the facts of this Complaint is attached as Exhibit A.

22. An affidavit by Ernest Yang, a partner in the Hong Kong office of the law firm DLA Piper, validating the Hong Kong Ship Mortgage is attached as Exhibit B.

23. The documents referenced in this Verified Complaint are attached as exhibits to the two affidavits aforesaid.

## IV.
## CAUSE OF ACTION

FORECLOSURE OF PREFERRED SHIP MORTGAGE
AND MORTGAGE LIEN

24. Paragraphs 1-23 are incorporated herein as if set forth in full.

25. Third Eye is the holder and owner the Deed of Covenants and a first-priority preferred ship mortgage for the Vessel, in accordance with 46 U.S.C. 31301(6)(B).

26. Third Eye accordingly has a valid and subsisting mortgage lien on the Vessel and has the right (among others) to enforce and collect the obligations evidenced by the Credit Facility Agreement by enforcing the preferred ship mortgage on the Vessel.

27. Wayfare Transoceanic has failed to pay amounts owed timely under the Credit Facility Agreement, an event of default under that Agreement

28. This Court should therefore recognize and enforce Third Eye's preferred ship mortgage and mortgage lien on the Vessel and grant Third Eye such other legal and equitable relief as is just and proper.

29. Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Third Eye is entitled to have the Vessel and her engines,

tackle, apparel, boilers, equipment and appurtenances, etc., seized and title to the Vessel conferred on Third Eye.

# V.
# PRAYER

30.     **WHEREFORE**, plaintiff, Third Eye Capital Corporation respectfully requests:

31.     That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the M/V PTI CYGNUS, IMO 9354260, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, that the preferred ship mortgage on the M/V PTI CYGNUS in favor of Third Eye Capital Corporation be determined to be a valid and subsisting lien upon the said M/V PTI CYGNUS, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, and that the said M/V PTI CYGNUS be seized and sold to satisfy the amounts owed to Third Eye Capital Corporation, as set forth herein;

32.     That this Court issue a final judgment in rem against the M/V PTI CYGNUS, granting Third Eye title to as provided by 46 U.S.C. § 31326, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

33. That notice of these proceedings be given to the master of the M/V PTI CYGNUS; and

34. That this Court grant Third Eye Capital Corporation such other and further relief which it may deem just and proper.

Dated March 20, 2020

        Respectfully submitted,

*/s/ C. Barrett Rice*
C. BARRETT RICE, Attorney-in-Charge
(La. Bar #30034) (S.D. Tex. Bar # 815456)
JEFFERSON R. TILLERY
(La. Bar #17831) (S.D. Tex. Bar # 295817)
JEANNE L. AMY
(La. Bar # 37012) (S.D. Tex. Bar # 3335049)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8238
Facsimile:  (504) 589-8238
E-Mail:  brice@joneswalker.com
        jtillery@joneswalker.com
        jamy@joneswalker.com

**ATTORNEYS FOR PLAINTIFF THIRD EYE CAPITAL CORPORATION**